Printis EDWARDS, Petitioner,

v.

J. Ellis OVERLADE, Warden of the Indiana State Prison, Respondent.

Civ. No. 1559.

United States District Court
N. D. Indiana, South Bend Division.

May 12, 1955.

**354**

Perry W. Cross, Deputy Public Defender, Muncie, Ind., for petitioner.

Robert S. Baker, Michigan City, Ind., for respondent.

PARKINSON, District Judge.

This is a habeas corpus proceeding wherein the petitioner is in custody of the respondent under a commitment from the Posey Circuit Court of Indiana. Writ was ordered issued; the respondent filed a return thereto, and the cause was submitted to the court on the merits. It is the decision thereon which now demands the attention of this court, and this opinion will serve as special findings of fact and conclusions of law because they are herein incorporated.

The undisputed evidence is that the petitioner was charged by affidavit with contributing to the delinquency of a named child on or about August 30, 1950; he was represented by court appointed counsel, pleaded guilty and was fined and sentenced to the Indiana Penal Farm; while serving that sentence he was returned to Posey County, Indiana to face a charge of rape of the same named child on or about August 1, 1950; upon arraignment he pleaded not guilty; was represented by court appointed counsel (the evidence as to petitioner's representation was not undisputed, the petitioner testified he did not remember and if he was, his attorney did not say anything, but the evidence of said attorney was that he did represent the petitioner and "never did anything in said cause which would in any way materially affect the outcome of said cause without first having the approval of the said defendant Prentiss Edwards"); was tried by jury, without raising any question of double jeopardy; was convicted of rape as charged; sentence of 2 to 21 years was pronounced by the court on the verdict of the jury; commitment issued accordingly and he is now in the Indiana State Prison thereunder without any direct appeal from the judgment to the Indiana Supreme Court and with no showing of any excuse for not having done so.

Under those facts the sole contention of the petitioner is that his imprisonment is illegal because he was placed in jeopardy twice for the same offense. Irrespective of the fact that the uncontradicted evidence demonstrates that this contention is without merit, the undisputed evidence conclusively shows that the petitioner has not exhausted his remedies available in the state courts of Indiana. He did not resort to the ordinary method of appeal from the Posey Circuit Court nor has he even attempted to show any excuse whatsoever for his failure to do so, nor has he attempted to perfect a belated appeal under the Indiana statute or to show any reason for not so doing.

This court, therefore, concludes that the respondent should be discharged from the writ of habeas corpus and the prayer of the petition denied, and

It is so ordered.